## LYDIA HATHAWAY & another *vs.* EDWIN THAYER & others.

A bill in equity does not lie to correct an error in the report of commissioners appointed to
make partition of the real estate of a deceased person, thirteen years after its acceptance
and confirmation by the probate court, especially if such bill does not allege that the de-
fendants, who claim title to the premises in dispute as purchasers, knew of the error at
the time when they acquired their title.

BILL IN EQUITY, brought in March 1863, alleging that the
plaintiff, Lydia Hathaway, is a daughter of John Page, late of
Clarksburg, deceased; that his estate was administered upon
in Berkshire county, and commissioners who were appointed to
make partition of the real estate among his heirs, and those en-
titled thereto, made a report, setting out to the various children
of said John their various shares of his real estate; that in de-
scribing the share intended to be set out to said Lydia they
made a mistake in the courses, distances and bounds, so that a

lot of about twenty-one acres, which was intended to be set out to her, was not included in the description of the land set out to her, but was included in the description of the land set out to Lillis Page, her sister; that this report was accepted and confirmed in the probate court in August 1849; that the plaintiffs did not discover the error till recently, long after the right of appeal from the decree of the probate court had expired; that Edwin Thayer, of Ohio, now claims title to said twenty-one acres, Lillis Page being dead, and has entered thereon and cut trees, and has bargained and sold them to third persons. The prayer was, that the report of the commissioners might be opened and corrected, and that the defendants might be ordered to account, and for an injunction. The defendants filed a general demurrer.

*H. L. Dawes,* for the defendants.

*A. J. Waterman,* (*F. O. Sayles* with him,) for the plaintiffs.

DEWEY, J. 1. This bill cannot be sustained against any of the defendants. It states no case which authorizes this court to interfere with the partition made by the probate court. If the judgment of that court was erroneous, the proper remedy was by appeal. This court, under a proceeding like this, would not assume to correct alleged mistakes of commissioners appointed to make partition, whose doings were adopted by the probate court, and a decree of partition thereupon ordered.

2. The time that has elapsed since making the partition presents a strong case of laches on the part of the plaintiffs. The error, if any exists, was indicated by the return of the commissioners, and to be seen by an examination of the public record, by the parties in interest.

3. The bill is also liable to the further objection that it contains no allegation that the parties who have acquired an estate in the portions set off in severalty by the decree of partition had any knowledge of the alleged mistakes in the report of the commissioners, before they acquired their title.

*Demurrer sustained.*